UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 11-21064-JLK

VIDHYA BALACHANDER as personal
Representative of the estate
of SRIPATHI BALACHANDER, deceased,

    Plaintiff,

v.

NCL (Bahamas) LTD. d/b/a NCL, XYZ
CORPORATION, and REY PONTERAS,

    Defendant.

_____/

## ORDER OF DISMISSAL

**THIS MATTER** is before the Court upon three Motions: Defendant NCL (Bahamas) Ltd.'s Motion to Dismiss Plaintiff's Complaint (DE #17), filed May 11, 2011; Defendant Dr. Rey Ponteras's Motion to Dismiss Plaintiff, Vidhya Balachander's Complaint (DE #31), filed June 23, 2011; and Plaintiff's Motion to Strike Defendant Rey Ponteras's Motion to Dismiss for Lack of Personal Jurisdiction (DE #33), filed June 29, 2011. The Court is fully briefed in these matters.[1]

---

[1] Plaintiff filed a Response in Opposition to Defendant NCL (Bahamas) Ltd.'s Motion to Dismiss Plaintiff's Complaint (DE #28) June 20, 2011, and Defendant NCL replied (DE #35) June 30, 2011. In addition, Plaintiff filed a Notice of Supplemental Authority (DE #36) on June 30, 2011. Plaintiff filed a Response in Opposition to Defendant Rey Ponteras's Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) (DE #42) July 21, 2011, to which Defendant Ponteras Replied (DE #44) on August 1, 2011. Finally, Defendant Ponteras filed a Response to Plaintiff's Motion to Strike on July 18, 2011 (DE #40), to which Plaintiff Replied (DE #43) July 28, 2011.

I.   **BACKGROUND**

This is a wrongful death case. Plaintiff seeks to recover on behalf of her deceased husband, Sripathi Balachander. According to the Complaint, Mr. Balachander died as a result of injuries he sustained while on a cruise operated by Defendant NCL (Bahamas) Ltd. (DE #1).

On April 25, 2010, Mr. Balachander was a cruise passenger on NCL's vessel, the Norwegian Sky. (DE #1 ¶ 7). On that day, the ship stopped at Great Stirrup Cay, an island in the Bahamas. *Id.* ¶ 10. Great Stirrup Cay is owned by NCL, and is operated as a resort exclusively for passengers of the Norwegian Sky. *Id.* ¶ 11. The waters adjacent to the beach on Great Stirrup Cay are designated for swimming for cruise passengers. *Id.* ¶ 12. Mr. Balachander swam in the designated area, and nearly drowned. *Id.* ¶ 15. Eleven days later, Mr. Balachander died "as a result of complications from submersion in water which occurred on April 25, 2010." *Id.* ¶ 16.

Plaintiff filed suit on March 29, 2011. The Complaint asserts nine causes of action against Defendant NCL and Defendant Dr. Rey Ponteras, the doctor aboard the Norwegian Sky. Plaintiff alleges that Defendant NCL was negligent for, among other things, failing to provide adequate lifeguard supervision on Great Stirrup Cay, failing to warn Mr. Balachander of the dangers of swimming there, and failing to have adequate medical personnel available. *See* DE #1 ¶¶ 28(A)–(O). In addition, Plaintiff alleges Dr. Ponteras was negligent in providing medical care to Mr. Balachander. In addition to suing Dr.

2

Ponteras for his own negligence, Plaintiff seeks to hold NCL liable for the negligence of Dr. Ponteras through theories of respondeat superior, apparent agency, and joint venture. (DE #1 ¶¶ 57–61, 67–75, 76–80). Plaintiff seeks recovery for medical expenses, funeral expenses, lost earning capacity, pain and suffering, and various forms of loss of consortium.

## II.  LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex rel. Cannon v. Lindsey,* 334 F.3d 1246, 1247 (11th Cir. 2003). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 129 S.Ct. at 1949. To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). This plausibility requirement outlined by the Supreme Court "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

## III.  DISCUSSION

Defendants NCL and Ponteras both argue that Plaintiff's causes of action and remedies are limited to those provided by the Death on the High Seas Act, 46 U.S.C.A. § 30301, *et seq.* ("DOHSA"), and that Plaintiff has failed to state a cause of action under DOHSA. With respect to Plaintiff's negligence claim under DOHSA, Defendant NCL argues that it had no duty to warn Mr. Balachander of the dangers of swimming in the ocean. Defendant NCL also argues that, as a matter of law, a shipowner can not be vicariously liable for the negligence of the ship's doctor. Finally, Defendant Ponteras argues that this Court lacks personal jurisdiction over him, and that the allegations of the DOHSA negligence claim against him are conclusory.

### A.  Motion to Strike Dr. Ponteras's Motion to Dismiss for Lack of Personal Jurisdiction

Defendant Ponteras's Motion to Dismiss argues in part that this Court lacks personal jurisdiction over him. Plaintiff moves to strike Defendant Ponteras's Motion to Dismiss for Lack of Personal Jurisdiction on the ground that he has waived this defense. Specifically, Defendant Rey Ponteras filed a Limited Appearance Motion to Quash Service of Process and to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) on April 27, 2011. (DE #14). In the Motion to Quash, Defendant Ponteras raised only insufficiency of service of process as a defense. *Id.* This Court denied the Motion to Quash Service of Process and ordered Defendant Ponteras to respond to the Complaint. (DE #25).

4

Subsequently, Defendant Ponteras filed the Motion to Dismiss now before the Court, alleging, *inter alia*, that Plaintiff's Complaint should be dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (DE #31). Plaintiff correctly points out that the Federal Rules of Civil Procedure expressly bar Defendant Ponteras from raising this defense now. Rule 12(g) provides, in pertinent part: "A party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12. Rule 12(h) further provides:

> A party waives any defense listed in Rule [12](b)(2)–(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by rule 15(a)(1) as a matter of course.

*Id.* Thus, a party that makes any motion raising a defense under Rule 12(b)(2)–(5) waives any other defense under 12(b)(2)–(5) that is not also raised at the same time.

Defendant argues that "*the undersigned* lacked any and all knowledge regarding Ponteras's connections to Florida," and, "as such, it is clear that the defense of personal jurisdiction was not available at the time the Motion to Quash was filed." (DE #40). Defendant is correct that defenses that were not available at the time of filing the first 12(b) motion are not waived. However, a lawyer's ignorance as to the facts supporting his client's defenses does not render those defenses "unavailable" for purposes of Rule 12. "A client has a duty to inform counsel of all relevant facts, and an attorney has the duty to properly investigate the facts." *In re McKenzie,* 135 B.R. 689, 690 (Bankr. S.D. Fla. 1991). There are

5

no allegations that the information relevant to Dr. Ponteras's jurisdictional defense was unknown to Dr. Ponteras when the Motion to Quash was filed. Consequently, the Court finds Dr. Ponteras waived the defense of personal jurisdiction by failing to raise it when he raised insufficiency of service of process as a defense. Plaintiff's Motion to Strike Defendant Rey Ponteras' Motion to Dismiss for Lack of Personal Jurisdiction (DE #31) must be granted.

### B. Applicability of DOHSA

The Death on the High Seas Act provides, in relevant part:

> When the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States, the personal representative of the decedent may bring a civil action in admiralty against the person or vessel responsible. The action shall be for the exclusive benefit of the decedent's spouse, parent, child, or dependent relative.

46 U.S.C.A. § 30302. "The Eleventh Circuit has consistently interpreted DOHSA as applying to maritime incidents occurring within the territorial waters of foreign states." *Ridley v. NCL (Bahamas) Ltd.*, - - F.Supp. 2d - -, Case No. 10-22711-CV, 2010 WL 4237329, at *2 (S.D. Fla. Oct. 14, 2010) (King, J.) (listing cases). DOHSA limits a plaintiff's recovery to pecuniary damages only. *Dooley v. Korean Air Lines Co.*, 524 U.S. 116, 124 (1998) ("DOHSA . . . limits the recovery in such cases to the pecuniary losses suffered by surviving relatives."); *Sanchez v. Loffland Bros. Co.*, 626 F.2d 1228, 1230 (5th Cir. 1980) ("DOHSA specifically limits recoverable damages to those pecuniary in nature.").

Both Defendants argue DOHSA applies to all claims against them. Plaintiff argues

that DOHSA should apply only to "activities occurring on the high seas," and not to her "land-based" causes of action. Thus, with respect to NCL, Plaintiff argues that she is suing NCL as two separate entities: (1) the cruise ship owner and operator, and (2) the owner and operator of the beach resort. Plaintiff makes the same distinction between land-based acts and "activities occurring on the high seas" as to Dr. Ponteras. (DE #42 ¶7). Therefore, according to Plaintiff, DOHSA applies only to her claims against NCL the ship owner, and not to her "land-based claims" against NCL the resort owner. DOHSA would apply to Plaintiff's claims against Dr. Ponteras for his negligence aboard the ship, but not for his negligence on shore.

The Court disagrees. The Eleventh Circuit declined to credit this distinction between torts committed at sea and torts committed during a cruise ship's stop at a port of call in *Doe v. Celebrity Cruise Lines*, 394 F.3d 891, 901 (11th Cir. 2004). The Court explained:

> The purpose behind the exercise of this Court's admiralty jurisdiction is to provide for the uniform application of general maritime law. . . . Jane Doe was no less a cruise passenger the moment she stepped off the ship at the port-of-call than she was the moment before she stepped off the ship. We see no reason that cruise lines' liability to their passengers while at a regularly-scheduled port-of-call . . . should vary from port to port, especially given the potentially disruptive impact on maritime commerce.

*Id.* at 902.

In fact, DOHSA cases have never distinguished between negligent acts or omissions occurring on land and those occurring at sea. Rather, "authority is clear that a cause of action under DOHSA accrues at the time and place where an allegedly wrongful act or omission

'was consummated' in an actual injury, not at the point where previous or subsequent negligence allegedly occurred." *Moyer v. Rideri*, 645 F.Supp. 620, 627 (S.D. Fla. 1986); *see also Motts v. M/V Green Wave*, 210 F.3d 565, 567 (5th Cir. 2000) ("DOHSA applies where the decedent is injured on the high seas, even if a party's negligence is entirely land-based and begins subsequent to that injury."). The *Moyer* court applied DOHSA where the decedent suffered a heart attack while snorkeling off the coast of Mexico, but ultimately died after being brought ashore. *Id.* at 628 ("The key operative fact . . . is that the decedent's illness commenced while he was participating in the snorkeling expedition; i.e., while he was on the high seas, as defined by DOHSA."). The same result is required here. Although Plaintiff alleges some of Defendants' negligent acts or omissions occurred on land, these acts or omissions "consummated in actual injury" on the high seas. This is true regardless of whether NCL is sued as a cruise ship owner or a resort owner. *Perkins v. Ottershaw*, Case No. 04-22869-CV, 2005 WL 3273747 (S.D. Fla. Sept. 30, 2005) (finding DOHSA applied in suit against two corporations owning and operating a Bahamas beach resort). This principle likewise applies regardless of whether Dr. Ponteras was physically ashore or onboard the ship when he was allegedly negligent.

Finally, Plaintiff argues that the determination of the application of DOHSA is not appropriate for the motion to dismiss stage of the litigation. The Court disagrees. Where possible, ruling on the applicability of DOHSA early in the case "will prevent unnecessary litigation in the event that DOHSA applies." *Ridley v. NCL (Bahamas) Ltd.*, - - F.Supp. 2d -

-, Case No. 10-22711-CV, 2010 WL 4237329, at *3 n.7 (S.D. Fla. Oct. 14, 2010) (King, J.). Here, the fact that is determinative of whether DOHSA applies, the location of the injury, is undisputed. *See Ridley*, 2010 WL 4237329, at *3, n.6 ("As a matter of law this Court determines that the location of the negligent actions controls the application of the Death on the High Seas Act."). It is undisputed that the decedent suffered the injuries that caused his death while on the high seas. Accordingly, this issue may be decided as matter of law at the motion to dismiss stage.

For the foregoing reasons, Counts I, III, and IV of Plaintiff's Complaint, which all allege non-DOHSA negligence causes of action, must be dismissed.[2]

### C.   Applicability of Bahamian Law

Count VII of the Plaintiff's Complaint asserts a cause of action based on Bahamian law against all Defendants. Plaintiff argues that 46 U.S.C. § 30306, a section of DOHSA, authorizes the recovery of damages under a Bahamian law that is similar in scope to Florida's Wrongful Death Act. (DE #1 ¶66). Section 30306 provides:

> When a cause of action exists under a law of a foreign country for death by wrongful act . . . on the high seas, a civil action in admiralty may be brought in a court of the United States based on the foreign cause of action.

46 U.S.C. § 30306.

---

[2] Count I is titled "Negligence Against NCL for Activities Not Occurring on the High Seas." Count III is titled "Negligence Against XYZ Corporation for Activities Not Occurring on the High Seas." Count IV is titled Negligence Against Rey Ponteras for Activities Not Occurring on the High Seas." (DE #1).

9

The purpose of this section of DOHSA, formerly 46 U.S.C. § 764, was to prevent "the owners of foreign vessels" from taking "advantage of U.S. statutes limiting their liability." *Dooley v. Korean Air Lines Co., Ltd.,* 117 F.3d 1477, 1484 (D.C. Cir. 1997), *aff'd* 524 U.S. 116 (1998). This section of DOHSA was thus enacted to prevent foreign shipowners from avoiding claims they would otherwise be obligated to defend. *See id.*

However, "Section 764 and foreign law play no role once a court determines that U.S. law governs an action." *Id.* at 1485. Permitting Plaintiff to supplement DOHSA claims with claims under Bahamian law would impermissibly "allow [the plaintiff] to combine the most favorable elements of U.S. law . . . and . . . any other nation's law," which would have the effect of letting plaintiffs "assemble the most favorable package of rights against the defendant." *Id.* at 1484–85. The United States Supreme Court has already affirmed that this is contrary to the purposes of DOHSA, and is not permissible. *Dooley,* 524 U.S. 116 (1998).

Here, Plaintiff has conceded in her Complaint, and the Court has likewise concluded, that her causes of action arise under the General Maritime Law of the United States. (DE #1 ¶5) ("The causes of action asserted in this Complaint arise under the General Maritime Law of the United States."). DOHSA provides Plaintiff's exclusive remedy, and Plaintiff's claim for relief under Bahamian law, Count VII of the Complaint, must be dismissed.

### D.   Negligence under DOHSA

Defendants NCL and Dr. Ponteras also argue that the remaining negligence claims under DOHSA against both NCL and Dr. Ponteras should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. NCL argues it owed no duty to Mr. Balachander, and Dr. Ponteras argues that the allegations of his negligence are conclusory and therefore subject to dismissal.

#### 1.   Negligence Claim Against NCL

NCL argues the DOHSA negligence claim against it should be dismissed on the ground that NCL did not have a duty to warn the Decedent of the open and obvious dangers of swimming in the ocean. Plaintiff counters by pointing out that a cruise ship may be held liable if it "had actual or constructive notice of the risk-creating condition." *Keefe v. Bahama Cruise Line, Inc.,* 867 F. 2d 1318, 1322 (11th Cir. 1989).

The caveat to that general principle of liability, however, is that a cruise line has "no duty to warn of dangers that [are] of an obvious and apparent nature." *Young v. Carnival Corp.,* Case No. 09-21949-cv-King, 2011 U.S. Dist. LEXIS 10899 *11 (S.D. Fla. Feb. 4, 2011). As NCL correctly points out, "natural bodies of water have been repeatedly deemed, as a matter of law, open and obvious dangers." *Nyazie v. Kennedy,* Case No. 97-0120, 1998 U.S. Dist. LEXIS 13280 (E.D. Pa. Aug. 21, 1998); *see also Locke v. Liquid Air Corp.,* 725 F.2d 1331 (11th Cir. 1994) ("[W]ater, including water concealing a submerged hazardous condition, is an obvious and patent danger…"); *Bernard v. World Learning, Inc.,* Case No.

11

09-20309-cv-Ungaro (DE #110 at 18, n.15) (S.D. Fla. June 4, 2010) ("[Defendant] cites numerous state court opinions holding that the dangers associated with natural bodies of water generally, and the seas and riptides specifically, are obvious to all and no duty to warn exists, nor should one be held civilly liable for their consequences.") (listing cases and finding none to the contrary); *Dixon v. CSX Transp., Inc.,* 947 F. Supp. 296, 298 (E.D. Ky. 1996), *aff'd,* 134 F.3d 370 (6th Cir. 1998) (recognizing that bodies of water pose obvious hazards); Restatement (Third) of Torts § 18, cmt.(f) ("A defendant can be negligent for failing to warn only if the defendant knows or can foresee that potential victims will be unaware of the hazard. . . . There generally is no obligation to warn of a hazard that should be appreciated by persons whose intelligence and experience are within normal range.").

Plaintiff asserts that whether NCL had a duty to warn passengers of the dangers of swimming in the ocean off Great Stirrup Cay is an issue of fact not proper for determination at the motion to dismiss stage. However, the dangers of drowning in the ocean are open and obvious as a matter of law. Under these facts, there are no factual issues related to the "open and obvious" nature of those dangers requiring further development through discovery. The Court finds NCL had no duty to warn Mr. Balachander of the dangers of swimming in the ocean as a matter of law. Plaintiff's remaining claim against NCL under DOHSA, Count II of the Complaint, must therefore be dismissed.

### 2. Negligence Claim Against Dr. Ponteras

Count V of the Complaint alleges negligence under DOHSA against Defendant Dr. Ponteras. Defendant Ponteras argues that the only allegations of his negligence in the Complaint are conclusory, and the DOHSA negligence claim against him must be dismissed as a result.

As is now well known, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Here, Plaintiff has alleged no facts creating a reasonable inference that Dr. Ponteras was negligent in his treatment of Mr. Balachander. For example, Plaintiff alleges Dr. Ponteras committed "a substantial departure from the accepted standards of reasonable medical care" and "a breach of the prevailing professional standard of care for said health care providers," without alleging any facts explaining *how* Dr. Ponteras breached these standards of care. (DE #1 ¶¶ 55(A)–(B)). Plaintiff alleges Defendant "failed to respond in a prompt fashion to the Plaintiff's need for medical care" and "did not promptly and/or timely make arrangements to evacuate the Plaintiff from Great Stirrup Cay to an appropriate medical facility." (DE #1 ¶¶ 55(C), (F)). However, Plaintiff does not allege any facts regarding how long Dr. Ponteras's alleged delay in treatment or evacuation was, and does

not plead facts indicating that these failures caused Mr. Balachander's death. In fact, the Complaint is vague as to Mr. Balachander's actual cause of death, making it impossible to infer whether Dr. Ponteras's negligence could have plausibly caused it. (DE #1 ¶ 16) ("The Plaintiff was pronounced dead on May 6, 2010 as a result of complications from submersion in water which occurred on April 25, 2010."). Accordingly, these conclusory and vague allegations do not meet Plaintiff's burden under *Twombly* and *Iqbal* to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Count V of the Complaint is dismissed without prejudice.

### E.   Liability of NCL for Acts and Omissions of Dr. Ponteras

Plaintiff asserts in Count VI of her Complaint that NCL is vicariously liable for the alleged negligent actions of Defendant Rey Ponteras. (DE #1, Count VI). However, it is "well recognized that a cruise line cannot be vicariously liable for the negligence of its ship's doctor in the care and treatment of passengers." *Ridley v. NCL (Bahamas) Ltd.*, -- F.Supp. 2d --, Case No. 10-22711-CV, 2010 WL 4237329, at *5 (S.D. Fla. Oct. 14, 2010) (King, J.). This Court has long recognized this rule and its rationale. *See Mascolo v. Costa Crociere, S.P.A.*, 726 F.Supp. 1285, 1286 (S.D. Fla.1989) (King, J.). The reason for the rule against vicarious liability is that cruise lines "have no control over a ship doctor's medical activity, for they lack the expertise." *Id.*

In addition to the claim for vicarious liability, Plaintiff advances theories of apparent agency and agency by estoppel (Counts IX) and joint venture (Count VIII) to hold Defendant

NCL liable for the negligence of Defendant Ponteras. The Honorable Judge Marcia C. Cooke recently addressed this issue:

> The Rule of *Barbetta* does not allow for liability under an apparent agency theory since the doctrine of apparent agency is simply a form of *respondeat superior*. In other words, it does not matter whether the ship's physician is an actual agent, apparent agent, or otherwise, under maritime law the shipboard doctor's liability is not [to] be imputed to the carrier. The rationale of the court in *Barbetta* does not leave room for pleading around the rule, by labeling the legal theory "apparent agency" as opposed to "*respondeat superior*."

*Wajnstat v. Oceania Cruises, Inc.*, Case No. 09-21850-cv-Cooke, 2011 U.S. Dist. LEXIS 10900 *11–12 (S.D. Fla. Feb. 4, 2011) (citing 3 Am. Jur. 2d *Agency* § 262). The same result is required here. Plaintiff's claims alleging apparent agency, agency by estoppel, and joint venture are akin to claims under the doctrine of *respondeat superior* and fail as a matter of law. Moreover, under any theory, it is inconsistent with the law of this Circuit to hold a cruise line liable for the negligence of a ship doctor. Under any of these theories, the same rationale applies—the cruise line lacks control over the doctor. Control is an element of any claim of agency or joint venture. Counts VI, VIII, and IX are therefore dismissed.

## IV. CONCLUSION

Accordingly, after a careful review of the record and the Court being otherwise fully advised in the premises, it is hereby

**ORDERED, ADJUDGED, and DECREED** as follows:

1. Plaintiff's Motion to Strike Defendant Rey Ponteras's Motion to Dismiss for Lack of Personal Jurisdiction **(DE #33)** is **GRANTED.** The portion of the

1. Motion to Dismiss seeking dismissal on personal jurisdiction grounds is **STRICKEN.**

2. Defendant NCL (Bahamas) Ltd.'s Motion to Dismiss Plaintiff's Complaint **(DE #17) is GRANTED.**

3. Defendant Rey Ponteras's Motion to Dismiss Plaintiff, Vidhya Balachander's Complaint **(DE #31) is GRANTED.**

4. **Counts I, II, III, IV, VI, VII, and VIII, and IX are DISMISSED WITH PREJUDICE.**

5. Plaintiff's claims for non-pecuniary damages are **DISMISSED WITH PREJUDICE.**

6. **Count V is DISMISSED, without prejudice** to amend within **twenty (20) days** of the date of this Order.

7. If Plaintiff amends the Complaint within the allotted time, Defendant Rey Ponteras **SHALL** respond to the Amended Complaint within **twenty (20) days** of service thereof.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 5th day of August, 2011.

_____
JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:
    ***Counsel for Plaintiff***
    **Carlos Felipe Llinas Negret**
    Law Offices of Lipcon, Margulies & Alsina P.A.
    2 South Biscayne Boulevard
    One Biscayne Tower, Suite 1776
    Miami, FL 33131
    (305) 373 3016
    Fax: (305) 373 6204
    Email: cllinas@lipcon.com

    **Jason Robert Margulies**
    Lipcon Margulies & Alsina
    One Biscayne Tower, Suite 1776
    2 S. Biscayne Boulevard
    Miami, FL 33131
    305-373-3016
    Fax: 373-6204
    Email: crewlawyer@aol.com

    ***Counsel for Defendant Ponteras***

    **Barry Adam Postman**
    Cole Scott & Kissane
    1645 Palm Beach Lakes Boulevard
    Mellon National Bank Bldg 2nd Floor
    West Palm Beach, FL 33401
    561-383-9200
    Fax: 683-8977
    Email: postman@csklegal.com

    **Rachel Kate Beige**
    Cole Scott & Kissane
    1645 Palm Beach Lakes Boulevard
    Mellon National Bank Bldg 2nd Floor
    West Palm Beach, FL 33401
    561-383-9200
    Fax: 683-8977
    Email: beige@csklegal.com

*Counsel for Defendant NCL (Bahamas) Ltd.*

**Jeffrey Eric Foreman**
Foreman Friedman, PA
One Biscayne Tower
2 S Biscayne Boulevard
Suite 2300
Miami, FL 33131-1803
305-358-6555
Fax: 305-374-9077
Email: jforeman@fflegal.com

**Noah Daniel Silverman**
Foreman Friedman, PA
One Biscayne Tower
2 S Biscayne Boulevard
Suite 2300
Miami, FL 33131
305-358-6555
Fax: 305-374-9077
Email: nsilverman@fflegal.com

**Brett Michael Berman**
Foreman Friedman, PA
2 South Biscayne Boulevard
Suite 2300
Miami, FL 33131
(305) 358-6555
Email: bberman@fflegal.com